UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

EDDIE L. NABORS,

    Plaintiff,

vs.                                  CASE NO.:    5:10-cv-00251-RS-EMT

THE GEO GROUP, INC, a Florida Corporation, KENNETH W. DAVIS, an individual, JASON R. TYUS, an individual, JEFF SNELL, Jackson County Florida Deputy Sheriff, in his individual capacity, and JOHN P. MCDANIEL, Former Jackson County, Florida Sheriff.

    Defendants.
_____/

## DEFENDANTS MCDANIEL AND SNELL'S ANSWER AND AFFIRMATIVE DEFENSES

    COME NOW Defendants, JOHN P. MCDANIEL, in his individual capacity as former Sheriff of Jackson County, Florida, and, JEFF SNELL, in his individual capacity, and file their Answer and Affirmative Defenses as follows:

    1.    Inasmuch as this paragraph only states the basis for the action and does not state any facts, no answer is required.  To the extent it alleges a violation of the United States Constitution, it is specifically denied.

    2.    Denied as to Defendant SNELL.  See, Affirmative Defenses herein.  Without knowledge as to all claims made against DAVIS, TYUS and GEO GROUP, INC.; therefore, denied.

    3.    Without knowledge; therefore, denied as to all claims against DAVIS, TYUS and the GEO GROUP, INC.  With regard to the claims against Deputy SNELL and former Sheriff

MCDANIEL, the claims are specifically denied.  See also, Affirmative Defenses.

    4.     Denied.

    4.1    Denied.

    5(1) - (9).    Denied.

## JURISDICTION AND VENUE

    6-7.    Admit that jurisdiction and venue are proper in this matter.  Denied that Defendants SNELL and MCDANIEL intentionally caused any violation of Plaintiff's constitutional rights.

## PARTIES

    8.     Without knowledge; therefore, denied.

    9.     Without knowledge; therefore, denied.

    10.    Without knowledge; therefore, denied.

    11.    Admitted.

    12.    Admitted.

    13.    Admitted.

    14.    Without knowledge as to Defendants DAVIS, TYUS and GEO GROUP, INC.; admitted as to Defendants SNELL and MCDANIEL only.

## OTHER FACTS

    15.    Admitted.

    16.    Without knowledge; therefore, denied.

    17.    Without knowledge; therefore, denied.

    18.    Without knowledge; therefore, denied.

    19.    Without knowledge; therefore, denied.

20. Without knowledge; therefore, denied.

21. Without knowledge; therefore, denied.

22. Without knowledge; therefore, denied.

23. Without knowledge; therefore, denied.

24. Without knowledge; therefore, denied.

25. Without knowledge as to whose "custody" Plaintiff was in prior to the arrival of Deputy SNELL.  Admit only that SNELL had probable cause or arguable probable cause to arrest and transport Plaintiff to the Jackson County Jail.

26. Without knowledge; therefore, denied.

27. Without knowledge; therefore, denied.

28. Without knowledge; therefore, denied.

29. Without knowledge; therefore, denied.

30. Denied.

31. Denied; Deputy SNELL had probable cause or arguable probable cause to believe the substance(s) found in Plaintiff's car by others were illegal drugs.  To the extent Plaintiff relies upon a purportedly invalid search by GEO employees, his proper remedy is suppression, not a 42 U.S.C. §1983 money damages claim against SNELL and MCDANIEL who were not even present at the time of the search.   See also, Affirmative Defenses.

32. The allegations in this paragraph are not applicable to Defendants SNELL and MCDANIEL; no answer is required.

33. The allegations in this paragraph are not applicable to Defendants SNELL and MCDANIEL; no answer is required.

34. Denied.

35. Without knowledge; therefore, denied.

36. Admit only that Deputy SNELL had probable cause or arguable probable cause to place Plaintiff under arrest under all of the facts and circumstances known to him at the time.  See also, Affirmative Defenses.

37. Without knowledge; therefore, denied.

38. Denied.

39. Admitted.

40. Without knowledge; therefore, denied.

41. Denied.

42. Without knowledge; therefore, denied.

43. Denied.

44. Denied; former Sheriff MCDANIEL had no personal involvement in the seizure and transport; nor in the processing of the evidence/lab reports involved in this matter.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

<u>COUNT I - THE GEO GROUP, INC.</u>

49-55. The allegations in these paragraphs are not applicable to Defendants SNELL and MCDANIEL; no answer is required.

### COUNT II - DAVIS AND TYUS

56-60.   The allegations in these paragraphs are not applicable to Defendants SNELL and MCDANIEL; no answer is required.

### COUNT III - JACKSON COUNTY DEPUTY SHERIFF JEFF SNELL

61.   Defendant SNELL reincorporates his answers to paragraphs 1 through 48 set forth above.  Furthermore, the incorporation by reference of every single factual claim against all Defendants in this count against Deputy SNELL makes it difficult to ascertain what it is that Plaintiff claims SNELL supposedly did wrong. The pleading is a "shotgun pleading."

62.   Denied.

63.   Denied.

64.   Denied.

### COUNT IV - FORMER JACKSON COUNTY SHERIFF JOHN P. MCDANIEL

65.   Defendant MCDANIEL reincorporates his answers to paragraphs 1 through 48 set forth above.

66.   Denied; former Sheriff MCDANIEL had no personal involvement in the seizure or in the processing of the FDLE letter/lab report referenced herein.

66.1.   Denied.

67.   Denied.

68.   Denied.

69.   Denied.

70.   Denied.

AFFIRMATIVE DEFENSES

First Affirmative Defense

Probable cause existed as a matter of law for the incident/arrest in the complaint.

Second Affirmative Defense

At all times pertinent hereto, Defendant SNELL was acting within the scope of his employment as Deputy Sheriff, employed by the Sheriff of Jackson County, Florida, and was not violating clearly established law of which a reasonable deputy would be aware. Thus, Defendant is entitled to qualified immunity in his individual capacity.

Third Affirmative Defense

At all times pertinent hereto, Defendant MCDANIEL was acting within the scope of his employment as the duly elected Sheriff of Jackson County, Florida, and was not violating clearly established law of which a reasonable sheriff would be aware. Thus, Defendant is entitled to qualified immunity in his individual capacity.

Fourth Affirmative Defense

The actions of the Defendants, even if true, constitute nothing more than negligence which does not state a claim for a violation of an individual's civil or constitutional rights under 42 U.S.C. §1983.

Fifth Affirmative Defense

An imperfect criminal investigation is not a sufficient basis for recovery in an action for malicious prosecution or false arrest.

<u>Sixth Affirmative Defense</u>

Alternatively, the Court need not reach the issue of qualified immunity because Plaintiff has not asserted a violation of a constitutional right at all.

<u>Seventh Affirmative Defense</u>

Defendant MCDANIEL was not personally involved in the incidents complained of, nor did he establish any custom or policy which caused the alleged incidents.

<u>Eighth Affirmative Defense</u>

The Complaint fails to state a cause of action for damages under 42 U.S.C. §1983 against these Defendants, individually.

<u>Ninth Affirmative Defense</u>

Defendants, in their individual capacities, are entitled to qualified immunity for actions taken pursuant to their discretionary authority, in that their conduct did not violate any clearly established statutory or constitutional right of which a reasonable person would have known.  Furthermore, at all times material, these defendants acted in good faith, reasonably and without malice in the course and scope of their duties towards this plaintiff.

Respectfully submitted this 2nd day of November, 2010.

    */s/ Carl R. Peterson, Jr.*
CARL R. PETERSON, JR.
Fla. Bar No.  0980048
JOLLY & PETERSON, P.A.
Post Office Box 37400
Tallahassee, Florida 32315
Tel:    (850) 422-0282
Fax:   (850) 422-1913

*Attorney for Defendants*

CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by CM/ECF Service only to Bruce Committe, Esq., 401 N. 14th Avenue, Pensacola, Florida 32501 this 2nd day of November, 2010.

                                                      */s/ Carl R. Peterson, Jr.*
                                                      CARL R. PETERSON, JR.

cc:    John P. McDaniel
        Deputy Jeff Snell
        Dan Condon, Esq.