UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

EDDIE L. NABORS,

     Plaintiff,

v.                                Case No.: 5:10-cv-00251-RS-EMT

THE GEO GROUP, INC. *et al.*,

     Defendants.
_____/

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT THE GEO GROUP, INC.

Pursuant to Rule 8 of the *Federal Rules of Civil Procedure*, Defendant THE GEO GROUP, INC., ("GEO"), answers the Complaint [doc. 1] and interposes affirmative defenses as follows:

## INTRODUCTION

1.     Admitted for jurisdictional purposes only; otherwise, denied.

2.     Defendant GEO admits that it is a private prison company and that, in November 2007, it operated a prison in Jackson County, Florida pursuant to a contract with the State of Florida. The remaining allegations of paragraph 2 are denied.

3.     Denied.

4.     Without knowledge; therefore, denied.

4.1.     Without knowledge; therefore, denied.

5(1) – (9).     Denied.

**JURISDICTION AND VENUE**

6.      Admitted that jurisdiction is proper; denied that Plaintiff suffered any violation of his constitutional rights.

7.      Admitted.

**PARTIES**

8.      Admitted.

9.      Admitted.

10.     Without knowledge; therefore, denied.

11.     Admitted.

12.     Without knowledge; therefore, denied.

13.     Without knowledge; therefore, denied.

14.     Admitted as to Defendant GEO only.

14.1.   Denied.

**OTHER FACTS**

15.     Denied that Plaintiff entered the facility at 7:30 a.m.; otherwise, admitted.

16.     Admitted.

17.     Denied.

18.     Admitted.

19.     Denied.

20.     Without knowledge; therefore, denied.

21.     Denied.

22.     Denied.

23.     Denied.

24.     Admitted that, after Plaintiff tested positive for illegal narcotics on two separate ION-SCAN tests, GEO officers conducted a pat-down search of Plaintiff in the men's restroom; otherwise, denied.

25.     Denied.

26.     Admitted that GEO officers conducted a pat-down search of Plaintiff's person; otherwise, denied.

27.     Without knowledge; therefore, denied.

28.     Without knowledge; therefore, denied.

29.     Admitted.

30.     Admitted that Plaintiff's car was searched; denied that the search was without Plaintiff's knowing and voluntary consent.

31.     Denied.

32.     Denied.

33.     Denied.

34.     Without knowledge; therefore, denied.

35.     Without knowledge; therefore, denied.

36.     Admitted that Plaintiff was arrested for possession of narcotics; otherwise, denied.

37.     Without knowledge; therefore, denied.

38.     Admitted that Plaintiff was arrested for possession of narcotics; denied that Plaintiff's arrest was at the direction of GEO management.

39.     Without knowledge; therefore, denied.

40.     Without knowledge; therefore, denied.

41.     Denied.

42.     Denied.

43.     Without knowledge; therefore, denied.

44.     Without knowledge; therefore, denied.

45.     Without knowledge; therefore, denied.

46.     Without knowledge; therefore, denied.

47.     Denied.

48.     Denied.

## Count I – The GEO Group, Inc.

49.     GEO realleges its responses to paragraphs 1-48 above and incorporates them here by reference.

50.     Denied.

51.     Denied.

52.     Denied.

53.     Denied.

54.     Denied.

55.     Denied.

### Count II – Davis and Tyus

56-60.  The  allegations  contained  within  paragraphs  56-60  are  not applicable to Defendant GEO; no answer is required.

### Count III – Jackson County Deputy Sheriff Jeff Snell

61-64.  The  allegations  contained  within  paragraphs  61-64  are  not applicable to Defendant GEO; no answer is required.

### Count IV – Former Jackson County Sheriff John P. McDaniel

65-70.  The  allegations  contained  within  paragraphs  65-70  are  not applicable to Defendant GEO; no answer is required.

### GENERAL DENIAL

Any allegation not specifically admitted herein is denied.

### DEMAND FOR JURY TRIAL

Defendant GEO demands a jury trial on all issues so triable.

### AFFIRMATIVE DEFENSES

### First Affirmative Defense

The  Complaint  fails  to  state  a  claim  upon  which  relief  can  be  granted pursuant to 42 U.S.C. § 1983 or § 1988.

### Second Affirmative Defense

The  alleged  search  and  seizure  of  Plaintiff's  person  and  property  were reasonable,  and  therefore  lawful,  under  one  or  more  of  the  well  established exceptions  to  the  warrant  requirement  of  the  Fourth  Amendment,  including  the "special needs" and/or "consent" doctrines.

### Third Affirmative Defense

At all times pertinent hereto, reasonable suspicion and/or probable cause existed as a matter of law for the incidents complained of in the Complaint.

### Fourth Affirmative Defense

Defendant's actions were in good faith and without malice, and were further based on such facts and circumstances as to give them reasonable suspicion or probable cause to believe Plaintiff was possession of unlawful contraband and that their actions were warranted. Defendants reasonably, and in good faith, believed that the actions they took with respect to Plaintiff were constitutional.

### Fifth Affirmative Defense

There are insufficient allegations in the Complaint of, and no evidence to support the existence of, any custom, policy or practice, created or maintained by Defendant which deprived Plaintiff of any civil or constitutional right, or which was causally related to any unconstitutional conduct of its employees or agents which was the legal cause of damage to Plaintiff.  No history of widespread abuse or any custom or policy, formal or informal, existed sufficient to put Defendant on notice of any potential or actual civil or constitutional violations.

### Sixth Affirmative Defense

With respect to Plaintiff's 42 U.S.C. § 1983 claims, the Defendant is not liable as a matter of law based on vicarious liability, joint and several liability, or *respondeat superior* for the acts of any of its employees or agents.

### Seventh Affirmative Defense

Plaintiff's damages should be reduced by any amounts received or available to be received from collateral sources or as otherwise allowed by applicable law.

### Eighth Affirmative Defense

Plaintiff has failed to mitigate his damages.

### Ninth Affirmative Defense

Any decision with regards to the arrest and prosecution of Plaintiff was the exercise of the independent judgment of the arresting officer(s) and prosecuting attorney(s). The intervening acts of the officer(s), attorney(s), and judge(s) insulate GEO from any liability for damages resulting from Plaintiff's arrest and prosecution as those matters were not within GEO's control.

### Tenth Affirmative Defense

To the extent that Plaintiff may recover damages or other relief, which Defendant expressly denies, such damages and other relief may be limited by the after-acquired evidence doctrine.

### FEES AND COSTS

Defendant hereby requests an award of all fees and costs to which it is entitled pursuant to 42 U.S.C. §1988, or any other applicable law.

Respectfully submitted this 3rd day of December 2010.

                              COPPINS MONROE
                              ADKINS & DINCMAN, P.A.

                    BY:    */s/ Scott J. Seagle*
                              Gwendolyn P. Adkins, FBN: 0949566
                              Scott J. Seagle, FBN: 57158
                              P. O. Drawer 14447
                              Tallahassee, Florida 32317-4447
                              Telephone:   (850) 422-2420
                              Facsimile:    (850) 422-2730
                              E-Mail: gadkins@coppinsmonroe.com
                                       sjseagle@coppinsmonroe.com

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(b)(3) and N.D. Florida Local Rule 5.1, this document is being filed electronically and service shall be through the Court's transmission facilities on all persons appearing before this Court.

                    */s/ Scott J. Seagle*